UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

**CIVIL ACTION NO. 15-19-DLB**

**MELISSA MAYFIELD, ET AL.**                                                                 **PLAINTIFFS**

vs.                          <u>**MEMORANDUM OPINION AND ORDER**</u>

**LONDON WOMEN'S CARE, PLLC, ET AL.**                                   **DEFENDANTS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

In this removed action, Plaintiff Melissa Mayfield is seeking compensation for injuries she allegedly incurred during a pelvic mesh implant surgery on January 22, 2014. Her husband, Robert Mayfield, is suing for loss of consortium. Together, Plaintiffs bring multiple claims for products liability against the manufacturers of the implants, C.R. Bard, Inc. ("Bard"), and Johnson & Johnson, Ethicon LLC and Ethicon, Inc. (collectively "Ethicon").[1] They also allege medical malpractice against the physician who performed the operation, Dr. Thomas Mechas, as well as the clinic he practiced with, London Women's Care, PLLC (collectively the "Healthcare Defendants").

This matter is before the Court upon Ethicon's Motion to Sever and Plaintiffs' Motion to Remand. (Docs. # 3 and 8). At issue is whether the Court can exercise diversity jurisdiction even though Plaintiffs and Healthcare Defendants are citizens of the same

---

[1] Ethicon, Inc. is a wholly owned subsidiary of Johnson & Johnson. (Doc. # 2 at 1). Ethicon LLC has only one member, Ethicon PR Holdings, which is also a subsidiary of Johnson & Johnson. (*Id.*) Ethicon LLC and Ethicon, Inc. are part of the "Ethicon Franchise," which was charged by Johnson & Johnson with designing, manufacturing and selling one of the implants at issue in this case. (Doc. 1-3 at 64, ¶ 5).

state. Ethicon submits that jurisdiction is proper so long as Healthcare Defendants are severed from this action, either because (1) they are dispensable parties, or (2) they were fraudulently misjoined. Plaintiffs oppose severance under either theory and move the Court to remand the entire case for lack of complete diversity. Both Motions have been fully briefed and the Court heard oral argument from the parties on May 26, 2015. (Docs. # 9, 21, 22, 24, 28). Therefore, the motions are ripe for the Court's review.

## I. Factual and Procedural Background

Dr. Thomas Mechas practices obstetrics and gynecology at London Women's Care, PLLC, in London, Kentucky. (Doc. # 1-3 at 63, ¶ 3). On January 22, 2014, he performed surgery on Melissa Mayfield ("Mayfield"), attempting to repair multiple vaginal prolapses and treat her stress urinary incontinence. (*Id.* at 84, ¶ 87). During the operation, Dr. Mechas placed two pelvic mesh implants inside of Mayfield in order to correct the prolapses. (Doc. # 8-1 at 3, ¶ 1). One of the implants, an Alyte Y-Mesh, was manufactured by Bard. (*Id.*) The other, a TVT-O, was made by Ethicon. (*Id.*)

Mayfield claims to have sustained various injuries as a result of the surgery, including, but not limited to, physical impairment and disfigurement, pain and suffering, chronic infection and severe emotional distress. (Doc. # 1-3 at 84-85, ¶¶ 90-91). Despite having a revision surgery to alleviate some of these injuries, Mayfield still experiences "excruciating pain." (*Id.* at 84, ¶ 88).

Plaintiffs filed the instant lawsuit on January 5, 2015 in the Laurel County Circuit Court. (*Id.* at 6). They assert the following seven causes of action against Bard and Ethicon: (1) negligence; (2) strict liability-design defect; (3) strict liability-failure to warn; (4) strict liability-defective manufacture; (5) common law fraud; (6) fraudulent concealment; and

2

(7) negligent misrepresentation. (*Id.* at 88-110, ¶¶ 107-193). Plaintiffs also bring a medical malpractice claim against Healthcare Defendants. (*Id.* at 111-114, ¶¶ 194-208). They allege that Dr. Mechas failed to warn Mayfield of the publicly-known dangers of mesh implants; failed to discuss the procedures he would use to implant them; performed the surgery without adequate training; and ignored safer alternatives. (*Id.*) They bring the same claim against London Women's Care, PLLC based on the doctrine of *respondeat superior*. (*Id.*) Finally, Plaintiffs are suing all defendants for Robert Mayfield's loss of consortium due to his wife's injuries. (*Id.* at 114, ¶¶ 209-211).

On February 10, 2015, with Bard's consent, Ethicon removed this case to federal court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (Doc. # 1 at 14, ¶ 36).[2] In its Notice of Removal, Ethicon concedes that Plaintiffs and Healthcare Defendants are citizens of the same state. (*Id.* at 6, ¶ 15). But because Healthcare Defendants should be severed from this action, Ethicon explains, the Court should ignore their citizenship for purposes of determining whether complete diversity exists. (*Id.*)

Three days before this case was removed, the United States Judicial Panel on Multidistrict Litigation ("JPML") issued an order consolidating numerous similar actions and transferring them to the United States District Court for the Southern District of West Virginia (the "Ethicon MDL"). (Doc. # 4-1 at 2). Upon removal, Ethicon filed a Notice of Tag-Along Action with the JPML, causing this case to be conditionally transferred to the Ethicon MDL. (Doc. # 12 at 2). Plaintiffs filed a Notice of Opposition on March 2, 2015,

---

[2] Because Ethicon is requesting that Healthcare Defendants be severed from this case, it was not necessary to obtain their consent prior to removal. *See Cordle v. Merck & Co., Inc.*, 405 F. Supp. 2d 800, 802 n.3 (E.D. Ky. 2005).

3

and subsequently filed a Motion to Vacate the Conditional Transfer Order. (*Id.*) That motion will be considered at the JPML's next bimonthly hearing session, which is scheduled for May 28, 2015. (*Id.* at 3, n.1).

## II. Analysis

### A. Standard of Review

A defendant may remove any civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Once a case is removed, a plaintiff may bring a motion to remand under 28 U.S.C. § 1447©. Because "removal statutes are to be narrowly construed," *Long v. Bando Mfg. Of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000), "all doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *see also Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) ("The removal petition is to be strictly construed, with all doubts resolved against removal.").

### B. Diversity of Citizenship

As the party removing this action to federal court, Ethicon bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. *Everett v. Verison Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006). Thus, Ethicon must show (1) that "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation", and (2) that the jurisdictional minimum amount in controversy is met. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (quoting *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)); 28 U.S.C. § 1332 (a). Since the parties do not contest whether the jurisdictional minimum is satisfied, the Court will only address the

4

diversity requirement in this Order.[3]

Plaintiffs Melissa and Robert Mayfield are both residents of Lily, Kentucky. (Doc. # 1-3 at 62, ¶ 1). Bard and the Ethicon entities are all citizens of other states.[4] However, Dr. Mechas is a Kentucky resident, and London Women's Care, PLLC is also headquartered in Kentucky. (*Id.* at 63, ¶¶ 3-4). Because Plaintiffs and Healthcare Defendants are citizens of the same state, complete diversity is lacking among the parties. Therefore, the Court cannot exercise jurisdiction over this matter unless Healthcare Defendants are severed for one of the reasons cited in Ethicon's severance motion.

### C. Healthcare Defendants are Dispensable Under Rule 21

Rule 21 of the Federal Rules of Civil Procedure states that a court "may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." It is well-settled that Rule 21 can be used to sever a dispensable, nondiverse party in order to preserve federal jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999) ("Although we agree that

---

[3] However, based on the allegations of this case, and having considered the arguments in Ethicon's Notice of Removal, the Court is confident that the amount in controversy is satisfied. (*See* Doc. # 1 at 3-6, ¶¶ 5-9).

[4] Bard, Johnson & Johnson and Ethicon, Inc. are incorporated in New Jersey and have their respective headquarters there as well. (Doc. # 1 at 6, ¶¶ 11 12 and 14). They are, as a result, citizens of New Jersey. 28 U.S.C. § 1332(c)(1). Ethicon LLC is registered in Delaware and has its principle place of business in Puerto Rico. (Doc. # 1 at 6, ¶ 13). Its sole member, Ethicon PR Holdings, is organized under the law of Ireland and maintains its principal place of business in Ireland. (*Id.*) Therefore, Ethicon LLC is domiciled in Ireland. *Delay v. Rosenthal Collins Grp.*, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009) ("The general rule is that all unincorporated entities - of which a limited liability company is one - have the citizenship of each partner or member.").

a party may not create diversity by dropping a nondiverse and indispensable party, we note that it is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity."); *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994) (explaining that Rule 21 "permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19, that is, the party to be dropped must not be a necessary party.").

When considering severance under Rule 21, courts are guided by the factors contained in Rule 19.[5] *Joseph v. Baxter Int'l Inc.*, 614 F. Supp. 2d 868, 872 (N.D. Ohio 2009), *as amended* (May 27, 2009) ("To determine whether to drop the nondiverse Healthcare Defendants, I must ascertain whether they are indispensable parties. To make that decision, I am to follow a two-step process under Fed. R. Civ. P. 19."). First, a court must decide whether the party to be severed is necessary to the lawsuit. *Id.* "A party is 'needed for just adjudication' under Rule 19 if: (1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Safeco*, 36 F.3d at 546 (citing Fed. R. Civ. P. 19(a)).

If the party is deemed necessary, a court will then determine if he is dispensable by considering "whether (1) a judgment rendered in the party's absence would prejudice the

---

[5] During oral argument, Plaintiffs repeatedly voiced their belief that the claims in this case arise from the same transaction or occurrence. However, the controlling authority clearly states that severance under Rule 21 is guided by the standards set forth in Rule 19, not Rule 20.

available party; (2) such prejudice could be lessened or avoided; (3) a judgment rendered in the party's absence would be adequate; and (4) the plaintiff has an adequate remedy if the action is dismissed for nonjoinder." *Joseph*, 314 F.Supp. 2d at 872 (citing *Soberay,* 181 F.3d at 764 (6th Cir. 1999); Fed. R. Civ. P. 19(b)); *see also Newman-Green, Inc.*, 490 U.S. at 838 (explaining that when a court contemplates severance under Rule 21, it should "carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation.").

i. <u>Healthcare Defendants are not Necessary Parties</u>

As to the initial inquiry, the Court finds guidance in a pair of decisions with similar facts from the Northern District of Ohio. In *Joseph*, several plaintiffs filed suit in state court against the manufacturer of an allegedly defective prescription drug. 614 F.Supp.2d at 870-71. The nondiverse healthcare providers who prescribed the drug were also named as defendants. *Id.* The drug maker removed the case to federal court and the plaintiffs filed a motion to remand for lack of complete diversity. *Id.* In response, the drug maker argued that the healthcare providers should be severed under Rule 21. Based on the factors in Rule 19a, Judge Carr agreed.[6] *Id.*

> Here, the [healthcare providers] are not necessary parties as the resolution of a claim against them would not necessarily resolve the Josephs' claim against [the drug maker]. With regard to the [healthcare providers], the Josephs allege medical negligence—namely, that physicians administered Heparin to the decedent despite her chart noting her allergy to Heparin, failed to obtain informed consent, and did not have in place adequate procedures to prevent improper use of Heparin. Such medical malpractice allegations differ from the Josephs' products liability claim which focuses on [the drug

---

[6] This case was originally removed to the Western District of Louisiana. *Id.* But before the Motion to Remand was considered, it was transferred to the Northern District of Ohio, where *In re Heparin*, MDL 1953 was being overseen by the Honorable Judge James G. Carr. *Id.*

> maker's] conduct in designing, manufacturing, labeling and recalling tainted Heparin.

*Id.* at 872. Accordingly, Judge Carr denied the plaintiffs' motion, except as to the claims against the nondiverse healthcare providers, which he severed and remanded to state court without prejudice. *Id.* at 875.

On virtually identical facts, Judge Carr reached the same conclusion in *DeGidio v. Centocor, Inc.*, Case No. 3:09CV721, 2009 WL 1867676, at *1 (N.D. Ohio June 29, 2009), *as amended* (July 8, 2009). Again, he confronted a products liability claim against a drug manufacturer, along with a medical malpractice claim against the nondiverse healthcare providers who administered the drug. *Id.* And for the same reasons discussed in *Joseph*, he severed the latter claim. "Here, the [healthcare providers] are not necessary parties as the resolution of DeGidio's claim against them would not resolve his claim against the [drug maker]. DeGidio's claims against the two defendants involve different legal standards and different factual allegations." *Id.* at *3.

Judge Carr's rationale is applicable here as well. The medical malpractice claim against Healthcare Defendants is highly distinct from the various claims brought against Ethicon for products liability. Not only is it comprised of unique legal elements, it is based on completely different factual allegations. (*See* Doc. # 1-3 at 88-114, ¶¶ 107-211).[7] Just as no one from Ethicon was involved with Mayfield's surgery, Dr. Mechas had nothing to do with the design, manufacture or sale of a single pelvic mesh implant. (*See id.*) Thus, if Healthcare Defendants are severed from this case, they will be equally capable of

---

[7] Indeed, the complaint explicitly states that each of the seven products liability claims are brought "against the mesh manufacturer defendants *only*." (*Id.*) (emphasis added).

protecting their interests in state court, and their absence will not expose Ethicon to double or inconsistent obligations in federal court. Assuming Plaintiffs are willing to litigate in both forums, their ability to obtain complete relief will also be unchanged. Based on these reasons, the Court finds that Healthcare Defendants are not necessary parties. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (finding that the doctor who performed an implant surgery was not a necessary party in a products liability action against the manufacturer of the implanted medical device).

The Court's finding is not changed by Plaintiffs' allegation that Ethicon and Healthcare Defendants are subject to joint and several liability. To the contrary, the great weight of authority shows that joint tortfeasors are not necessary parties under Rule 19. *See Temple,* 498 U.S. at 6 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); *Newman-Green*, 490 U.S. at 838 ("[G]iven that all of the guarantors (including Bettison) are jointly and severally liable, it cannot be argued that Bettison was indispensable to the suit."); *Gorfinkle v. U.S. Airways, Inc.*, 431 F.3d 19, 22 (1st Cir. 2005) (same) (citing *Temple*); *Todd by Todd v. Merrell Dow Pharm., Inc.*, 942 F.2d 1173, 1176 (7th Cir. 1991) (same) (citing *Temple*).

        ii.        <u>Healthcare Defendants are not Indispensable Parties</u>

Based on the finding above, Healthcare Defendants cannot be deemed indispensable to this case. *See Temple*, 498 U.S. at 8 ("Here, no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied."); *DeGidio*, 2009 WL 1867676, at *4 ("Because indispensable parties are a subset of necessary parties, given my conclusion that the Healthcare Defendants are not necessary parties, they cannot be [ ] indispensable [ ] either.") (internal quotations and citation

9

omitted). Nevertheless, the Court will address Plaintiffs' arguments regarding prejudice and explain why Healthcare Defendants are indeed dispensable parties in light of the factors in Rule 19b.

Plaintiffs contend that they will be prejudiced by having to try two cases instead of one. (Doc. # 8-1 at 13). To bolster this argument, they cite *Hagensicker v. Boston Scientific Corp.*, Case No. 12-5018-CV-SW-RED, 2012 WL 836804 (W.D. Mo. Mar. 12, 2012). Similar to this case, *Hagensicker* involved claims against the manufacturer of an allegedly defective pelvic implant, coupled with a medical malpractice suit against the doctor who performed the surgery. *Id.* at *1. The court declined severance under Rule 21, noting that the plaintiff would be "forced to litigate her cause of action in two separate forums and may be subject to the defendants in both forums trying to shift the responsibility to the absent defendants." *Id.* at *4. The court also observed that the doctors accused of malpractice "could be prejudiced by not having the same fact-finder apportion liability among the defendants, potentially subjecting them to a higher apportionment of liability." *Id.* Plaintiffs contend that the same issues preclude severance here. (Doc. # 8-1 at 13).

For two important reasons, *Hagensicker* is inconsistent with the law of this circuit. First, the court's decision not to sever was greatly influenced by its finding that the doctors had been properly joined based on the standard set forth in Rule 20. *See id.* Plaintiffs repeatedly emphasized the same point during oral argument, insisting that severance should be denied because the claims in this case also arose from the same transaction or occurrence. In *Safeco*, however, the Sixth Circuit flatly rejected the notion that Rule 21 is reserved only for those parties who are not properly joined to the action. *See* 36 F.3d at 545-46. The second problem with *Hagensicker* is that the court's analysis omits any

10

discussion of whether the doctors were necessary parties. Again, such an approach is directly at odds with Sixth Circuit authority, which clearly states that courts should consult the factors in Rule 19a before dropping a party.[8]  *Id.* at 546.

As for the factors in Rule 19b, Plaintiffs greatly overstate the prejudice that would result from having to try separate cases. Regardless of the potential challenges they cite (via *Hagensicker*), proceeding against Healthcare Defendants in state court is an adequate legal remedy.  *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001) ("[M]ultiple proceedings and inconsistent results in state and federal court . . . can occur whenever joint tortfeasors are not parties to the same lawsuit. This form of prejudice, however, does not require a finding that joint tortfeasors are necessary or indispensable parties.") (citing *Temple*, 498 U.S. at 8). Moreover, if the surviving federal claims are transferred to the Ethicon MDL, the prospect of dual litigation has undeniable upside. The cost and burden of litigating against Ethicon would drop considerably, and Plaintiffs' ability to potentially negotiate a settlement would be greatly enhanced. Also, they could proceed with discovery of the medical malpractice claim immediately, and do so more efficiently, as other attorneys will take the lead in the Ethicon MDL. Therefore, even if Healthcare Defendants were found to be necessary parties, the Court would not have deemed them indispensable to this case.

---

[8] Plaintiffs have also completely failed to address why Healthcare Defendants are necessary parties under Rule 19a, which is why the Court had no counter-arguments to discuss in the previous subsection. (*See* Doc. # 8-1).

### D. Fraudulent Misjoinder

Having concluded that Dr. Mechas and London Women's Care, PLLC should be severed from this action pursuant to Rule 21, the Court need not address the doctrine of fraudulent misjoinder in this Order.[9]

### III. Conclusion

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Ethicon's Motion to Sever (Doc. # 3) be, and is hereby, **GRANTED** in full.

(2) Plaintiffs' Motion to Remand (Doc. # 8) be, and is hereby, **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** to the extent that all claims against Healthcare Defendants are remanded to the Laurel County Circuit Court. The Motion is **DENIED** with respect to all claims made against Bard and Ethicon, which will remain in federal court pursuant to 28 U.S.C. § 1332.

(3) Ethicon's Motion to Stay (Doc. # 4) be, and is hereby, **DENIED** as moot.

This 28th day of May, 2015.



Signed By:
David L. Bunning
United States District Judge

---

[9] In briefing and during oral argument, Plaintiffs urged the Court to rule in a manner consistent with *Williams v. Altman, McGuire, McClellan & Crum*, P.S.C., Case No. 12-131-ART, 2013 WL 28378 (E.D. Ky. Jan. 2, 2013). Although factually similar to the case at hand, *Williams* did not involve a motion to sever pursuant to Rule 21. Rather, Judge Thapar's decision remanding all claims to state court was based solely upon his treatment of the doctrines of fraudulent joinder and fraudulent misjoinder. *See id.* Because the Court does not reach such issues here, Plaintiffs' reliance on *Williams* is misplaced.